UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORVELL B. GATTISON,<br><br>      Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC,<br><br>      Defendant. | CASE NO. 4:23-cv-00157-AGF<br><br>CREDIT CONTROL, LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT |

**CREDIT CONTROL, LLC'S MOTION TO DISMISS THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

Defendant Credit Control, LLC ("Credit Control"), pursuant to Fed. R. Civ. P. 12(b)(6), by and through its counsel, hereby moves to dismiss the Complaint of Plaintiff, Norvell B. Gattison ("Plaintiff"). In support, Credit Control states as follows:

**INTRODUCTION AND BACKGROUND**

Plaintiff's Amended Complaint now brings a single count under the Fair Debt Collection Practices Act, 15 U.S.C. ¶ 1692 *et seq.* ("the FDCPA"). Plaintiff alleges he owed a debt to Windstream, and Windstream attempted to collect that debt through a (different) debt collector. Complaint at ¶¶ 6-8. Plaintiff obtained counsel in 2021, and Windstream was allegedly informed of that representation. Complaint ¶¶ 9-11. Windstream eventually sold the subject debt to a debt buyer, LVNV Funding, LLC ("LVNV"). Complaint at ¶ 12. LVNV, in turn, contracted with Credit Control to collect the debt. Complaint at ¶ 17. Plaintiff believes Windstream informed LVNV of his representation, and that LVNV, in turn, informed Credit Control. *See* Complaint at ¶¶ 11, 16, 21. Thus, when Credit Control contacted him with respect to the debt, Credit Control allegedly violated the FDCPA.

Plaintiff's Amended Complaint fixes many, but not all, of the problems with his original Complaint.  Plaintiff baldly attempts to get around binding, clear Eighth Circuit law that holds that the knowledge of a creditor is not automatically imputed to a debt collector.  He does so by making bold, direct claims that it is "customary" for creditors to inform debt collectors of what they know, still with no basis whatsoever for those statements other than his own imagination.  Indeed, if the practices he describes were, in fact, so "customary" and widespread, the Eighth Circuit's direct pronouncement about the knowledge of a debt collector in relation to the creditor's knowledge would be essentially meaningless.  This Court should not credit Plaintiff's attempt to simply plead around binding case law.  The Amended Complaint should be dismissed with prejudice.

### RULE 12(b)(6) STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, though a Plaintiff need not plead detailed facts, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Id*. at 555 (internal quotations and alterations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.  "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679.

**ARGUMENT**

I.   **Plaintiff Fails to State a Claim Because a Creditor's Knowledge Is Not Imputed to a Debt Collector Under the FDCPA**

Plaintiff's claims rely upon his conclusory allegation that Credit Control communicated with him despite *knowing* that he was represented by an attorney.  *See* Complaint at ¶ 25.  Black-letter Eighth Circuit law holds that a debt collector must have actual knowledge of an attorney's representation in order to violate section 1692c.  *See Schmitt v. FMA All.*, 398 F.3d 995, 998 (8th Cir. 2005); *Reygadas v. DNF Assocs., LLC*, 982 F.3d 1119, 1126 (8th Cir. 2020).  In addition to the plain language of the statute, agency law "dictates that while the knowledge of the agent is imputed to the principal, the converse is not true." *Schmitt*, 398 F.3d at 997.  "As the FDCPA does not embrace an exception to ordinary principal-agent law, [a creditor's] knowledge cannot be simply imputed to [a debt collector] to prove that [the debt collector] had knowledge that [Plaintiff] was represented."  *Drechen v. Rodenburg*, LLP, No. CV 22-705 (JRT/LIB), 2022 WL 17543056, at *6 (D. Minn. Dec. 8, 2022).

Between the original Complaint and the Amended Complaint, Plaintiff attempted to get around this clear and unambiguous precedent by pleading a number of – for lack of a better word – imagined customs and practices.  He claims that "[w]hen a debt collector learns that a consumer is represented by an attorney as to a specific debt, it will often return the debt back to the original creditor and inform it of its reasons."  Am. Complaint at ¶ 10 (emphasis added).  He continues, claiming that "[w]hen an original creditor of a debt sells a debt to a debt purchaser, it will deliver a file of all its records to the debt purchaser."  Am. Complaint at ¶ 13.  He claims, based on information and belief, that that file "included records reflecting that Plaintiff was represented by counsel, as to the subject consumer debt, having been informed of the same from [the first debt collector]."  Am. Complaint at ¶ 14.  Thus, knowledge of the representation allegedly went from

the original debt collector, Southwest Credit Systems, LP ("Southwest"), to the creditor, Windstream, then from the creditor to the debt buyer, LVNV.  And Plaintiff's basis for each link in this chain is nothing more than conclusory statements as to what "a debt collector" often says to "a creditor," and what documents "an original creditor" "will deliver" to "a debt purchaser."

The remaining links in the chain are no stronger or less speculative than the first three.  Plaintiff claims that it is "customary" for a debt buyer "to comb through all available files and records of debts it purchases[.]"  Am. Complaint at ¶ 15.  Thus, he claims, LVNV must have had knowledge of his representation.  Am. Complaint at ¶ 16.  He then imagines yet another industry custom for the next link, claiming "[i]t is customary for a debt purchaser to deliver any and all files and records it has on a debt to a debt collector[.]"  Am. Complaint at ¶ 18.  On that basis, alone, Plaintiff assumes "LVNV delivered, to Defendant, files and records of the subject consumer debt that it obtained from Windstream, which included information that Plaintiff was represented by an attorney."  Am. Complaint at ¶ 19.  Finally, Plaintiff imagines that "[i]t is customary for a debt collector to comb through all available files and records of debts it seeks to collect[.]"  Am. Complaint at ¶ 20.  Thus – after a long and difficult journey – the knowledge of Plaintiff's representation, originally given to Southwest, has now allegedly made its way into Credit Control's consciousness.  Am. Complaint at ¶ 21.

"[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and alterations omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  While courts are generally required to accept well-

pleaded allegations as true, allegations that "are no more than conclusions . . . are not entitled to the assumption of truth." *Id*. at 679.

Applying these principles, other courts in this Circuit have found that "[a]llegations 'upon information and belief' may state a claim after *Iqbal* and *Twombly*, but a claim must still be based on factual content that makes liability plausible, and not be formulaic recitations of the elements of a cause of action." *Stamm v. Cnty. of Cheyenne, Nebraska*, 326 F. Supp. 3d 832, 855–56 (D. Neb. 2018)(internal quotations and alterations omitted).  As a result, "a claim based on information and belief *alone* will not survive a motion to dismiss[.]"  *Sheng Int'l Co. v. Prince Americas, LLC*, No. 8:20-CV-124, 2020 WL 13094126, at *4 (D. Neb. Oct. 30, 2020).  While there may not be any categorical rule against pleading "on information and belief," such an allegation must "identify the *basis* for that belief."  *Cole v. Does*, 571 F. Supp. 3d 1033, 1040 (D. Minn. 2021).  Thus, to survive a motion under Rule 12(b)(6), an allegation should be "supported by inferences reasonably drawn from more than a party's mere information and belief[.]"  *Sheng Int'l Co.*, 2020 WL 13094126, at *5.

Looking objectively at the allegations of the Amended Complaint, the only actual *facts* Plaintiff alleges are (1) that he told Southwest that he had a lawyer, (2) that Southwest gave the debt back to Windstream, (3) that Windstream sold the debt to LVNV, and (4) that LVNV assigned the debt to Credit Control for collection.  Every transfer of the debt – according to Plaintiff – must have been accompanied by a transfer of that one piece of information – from Plaintiff to Southwest to Windstream to LVNV to Credit Control.  Yet he bases this assumption on nothing more than his own imaginative assertions as to what some hypothetical debt collector, or creditor, or debt buyer, might often do under similar circumstances, or imagined "customary" activities in the industry.  The lack of specificity is both obvious and inevitable, because Plaintiff clearly does not

possess any knowledge whatsoever to support his blank, conclusory accusation that Credit Control knew he had a lawyer.  While he has attempted with this Amended Complaint to bolster his previous claims that were made merely on "information and belief," he has attempted to do so with nothing more than *additional* "information and belief."

As the District of Minnesota has acknowledged, "lawyers sometimes use 'information and belief' to mean something like 'I hope this is true, but I really have no idea.'"  *Cole*, 571 F. Supp. 3d at 1040.  That characterization is clearly applicable, here.  Plaintiff simply has not pleaded any non-conclusory allegations that Credit Control had actual knowledge of his representation, nor does he provide any information that would support his belief that Credit Control possessed such knowledge.  This Court should not credit his attempt at an end-run around Eighth Circuit precedent, and should dismiss the Amended Complaint with prejudice.

## CONCLUSION

WHEREFORE, Defendant Credit Control, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's Complaint with prejudice, and grant such other relief as this Court deems just and proper.

[SIGNATURE AND SERVICE ON FOLLOWING PAGE]

Dated: May 2, 2023

Respectfully Submitted,

**MARTIN LYONS WATTS MORGAN PLLC**

*Attorneys for Defendant*

By: /s/ PATRICK A. WATTS
Patrick A. Watts, Mo. Bar No. 61701
1200 S. Big Bend Blvd.
St. Louis, Missouri 63117
pwatts@mamlaw.com
P: (314) 669-5490
F: (888) 632-6937

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's e-filing system upon all parties of record on May 2, 2023.

By: /s/ PATRICK A. WATTS