UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORVELL B. GATTISON, | |
| Plaintiff, | No. 4:23-cv-00157-AGF |
| v. | |
| CREDIT CONTROL, LLC, | Honorable Judge Audrey Goldstein Fleissig |
| Defendant. | |

**PLAINTIFF'S RESPONSE MEMORANDUM IN OPPOSITION TO CREDIT CONTROL, LLC'S MOTION TO DISMISS FIRST AMENDED COMPLAINT**

NOW comes Plaintiff NORVELL B. GATTISON ("Plaintiff"), by and through the undersigned, hereby filing this Response Memorandum ("Plaintiff's Response") in Opposition to CREDIT CONTROL, LLC's ("Defendant") Motion to Dismiss the Amended Complaint for Failure to State a Claim ("Defendant's Motion"), and in support thereof, states as follow.

### I.  INTRODUCTION

Defendant's Motion asserts that Plaintiff's claims, brought under the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692c(a)(2), fails to state a claim because the allegations fail to establish that Defendant had actual knowledge that Plaintiff was represented by counsel in connection with the debt upon which Defendant sought collection. Defendant's Motion largely asserts that Plaintiff has ignored binding

1

Eighth Circuit precedent outlining the necessity of such actual knowledge of representation, while generally painting Plaintiff's allegations and their being premised "upon information and belief" as speculative and insufficient to state a plausible claim for relief.

Plaintiff acknowledges the nature of binding Eighth Circuit precedent requiring actual knowledge of representation in order to state a claim pursuant to § 1692c(a)(2). *However,* the critical distinction between those cases and Plaintiff's allegations in the First Amended Complaint ("FAC") is that Plaintiff's allegations sufficiently establish such actual knowledge on Defendant's part, whereas the Eighth Circuit opinions discussed in Defendant's Motion dealt specifically with imputed knowledge or vicarious liability – neither of which are at issue here. As such, rather than constituting an "end-run around Eighth Circuit precedent," Plaintiff's FAC is in line with such authority and outlines the extent of Defendant's *actual* knowledge as to Plaintiff's representation by counsel.

Much of Defendant's attack on the nature of Plaintiff's allegations is that such allegations fail to establish a plausible claim for relief because they are speculative and premised upon information and belief. Ironically, while Defendant's Motion attacks Plaintiff for attempting to evade binding Eighth Circuit precedent, it is Defendant who has failed to appreciate the recent decision in *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.,* 59 F.4th 948, 954 (8th Cir. 2023), and its articulation of the sufficiency of upon-information-and-belief allegations "where the proof supporting the allegations is within the sole possession and control of the defendant . . . ."

Here, the extent to which information and knowledge regarding Plaintiff's representation by counsel was passed to Defendant would be solely within the control and possession of Defendant. Therefore, it is not the case that Plaintiff's allegations premised upon information and belief categorically fail merely because they are premised upon such information and belief. Eighth Circuit precedent establishes that discovery into these facts, which Plaintiff would be in no reasonable position to have absent such discovery, should be allowed in order to ascertain whether Defendant had actual knowledge of Plaintiff's representation when it communicated with Plaintiff attempting to collect a debt.

Therefore, Defendant's Motion should be denied in its entirety.

## II.   STATEMENT OF FACTS

Defendant's Motion provides a useful summation of the crux of Plaintiff's allegations relevant to resolving its Motion, as it states "Plaintiff believes Windstream informed LVNV of his representation, and that LVNV, in turn, informed Credit Control." Defendant's Motion at pp. 1-2. As stated in Plaintiff's FAC, and at times upon information and belief, each time a debt was passed, from Windstream, to LVNV, and then to Defendant, knowledge of Plaintiff's representation went with it. *See* Dkt. 8, ¶¶ 12-21.

## III.   LEGAL STANDARD

"Fed. R. Civ. Pro 8(a)(2) requires a claim for relief to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Demien Constr. Co. v. O'Fallon Fire Prot. Dist.,* 812 F.3d 654, 657 (8th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a Rule 12(b)(6) motion to dismiss, the 'complaint must contain

sufficient factual matter' that 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). "Under our review, we must accept as true all factual allegations, but we are not bound to accept as true legal conclusions couched as a factual allegation." *Id.* (quoting *Carton v. Gen. Motors Acceptance Corp.,* 611 F.3d 451, 454 (8th Cir. 2010)) (internal quotations omitted).

## IV. ARGUMENT

### A. Plaintiff's FAC Plausibly Alleges Defendant's Actual Knowledge of Plaintiff's Representation

Contrary to Defendant's arguments, Plaintiff's FAC contains sufficient factual assertions, accepted as true and drawing all reasonable inferences therefrom in Plaintiff's favor, to support a plausible claim for relief pursuant to 15 U.S.C. § 1692c(a)(2). Defendant's misguided arguments to the contrary are addressed in turn below.

Defendant first cites to *Schmitt* and *Reygadas* for the proposition that actual knowledge under § 1692c(a)(2) must be alleged, and knowledge of representation will not simply be imputed to a debt collector agent when such knowledge is held by a principal. On this point, Plaintiff agrees that the Eighth Circuit does require actual knowledge to support a claim under § 1692c(a)(2).

However, Plaintiff's FAC does not simply allege that the knowledge was imputed – as was the case in *Schmitt* – nor is it premised upon vicarious liability or the attempted imputation of a debt collector's conduct to a debt purchaser – as was the case in *Reygadas*. *See, Schmitt v. FMA All.,* 398 F.3d 995, 997 (8th Cir. 2005) ("In this case, [plaintiff's]

4

complaint premised [defendant's] liability on the theory that a creditor's actual knowledge of a debtor's representation is imputed to its agent . . . . Since [creditor] possessed actual knowledge of [plaintiff's] representation prior to transferring collection of the debt to [defendant], [plaintiff] argued that [creditor's] actual knowledge should be imputed to [defendant]."); *Reygadas v. DNF Assocs., LLC,* 982 F.3d 1119, 1126 ("[Plaintiff] cannot recover from [debt purchaser defendant] based on a theory of vicarious liability for [debt collector's] action. [Debt collector], the purported agent debt collector, must have actual knowledge the debtor is represented by counsel to violate § 1692c(a)92) . . . . As it is undisputed that [debt collector] did not have knowledge [plaintiff] was represented by an attorney, [debt collector] did not violate the FDCPA and [plaintiff] cannot prevail against [debt purchaser defendant] on a theory of vicarious liability. [Plaintiff] instead argues that '[debt purchaser defendant] is directly, not vicariously, liable because it took action through its agent that it could not lawfully take,' and therefore [debt collector's] wrongful actions may be imputed to DNF.")

Unlike *Schmitt,* Plaintiff's FAC, as discussed further below, is not limited to arguing that the knowledge of Windstream or LVNV was *imputed* to Defendant. Instead, there are allegations of the specific transfer of information providing actual knowledge regarding Plaintiff's representation which were not discussed nor at issue in *Schmitt,* given the limited nature of the "imputation" argument set forth. Similarly, *Reygadas* is unlike Plaintiff's claims, because Plaintiff is not alleging any sort of vicarious liability on the part of Defendant for other's conduct, nor is it seeking to hold Defendant directly liable by

5

imputing its agent's conduct to it. Instead, Plaintiff has alleged Defendant's actual knowledge of the representation.[1]

Therefore, neither *Schmitt* nor *Reygadas* counsel in favor of dismissing Plaintiff's FAC given that Plaintiff's FAC is not simply seeking to impute knowledge from one entity to another. Plaintiff's FAC outlines a specific link and transfer of information from one party to another which should be deemed sufficient to plausibly alleged Defendant's actual knowledge of Plaintiff's representation by counsel.

Defendant then goes on to assert that Plaintiff's FAC sets forth a number of "imagined customs and practices" in order to establish Defendant's actual knowledge. However, rather than being imagined or simply "conclusory," the allegations Defendant attacks are well plead and a reasonable recitation of what likely occurred in connection with this matter.

The flaw in Defendant's argument is its complete disregard for the nature of Plaintiff's factual allegations and its efforts to couch them as conclusory legal allegations, rather than factual allegations. Plaintiff's allegations regarding the chain of title are completely reasonable and, given the nature of the debt collection industry in general, plausible. It is more than plausible that a debt collector, subject to potential claims for its role as a debt collector, who then returned the debt to the creditor, would inform that creditor of why the debt was being returned. So, Plaintiff's allegations that Southwest

---

[1] Furthermore, *Reygadas* was decided at the summary judgment stage where "it [was] undisputed that [debt collector] did not have knowledge [plaintiff] was represented by an attorney." *Reygadas,* 982 F.3d at 1126. Here, at the motion to dismiss stage, there is no such benefit of an undisputed record.

informed Windstream about Plaintiff's having retained counsel in connection with the debt is formed upon a reasonable belief as to what occurred, illustrating Windstream's knowledge of Plaintiff's representation, and is premised upon an entirely reasonable belief as to what occurred. *See* Dkt. 8, ¶¶ 7-11.

Windstream, with actual knowledge of Plaintiff's representation, then sold the debt to LVNV - and again, upon information and belief, LVNV acquired actual knowledge of Plaintiff's representation by counsel in connection with the subject debt given the nature of this transfer. *Id.* at ¶¶ 12-16. LVNV, armed with actual knowledge, then provided Defendant with information illustrating Plaintiff was represented by counsel in connection with the subject debt, and that, upon further information and belief, Defendant reviewed these files and obtained actual knowledge of Plaintiff's representation by counsel. *Id.* at ¶¶ 17-21.

The links in these chains, supported not only by a reasonable belief as to the customs of the debt collection industry but of general business practices, and upon further information and belief as to what occurred between the parties, should be deemed sufficient to establish the transfer of actual knowledge from one party to the other, ultimately culminating with Defendant's actual knowledge of Plaintiff's representation by counsel. These allegations are not threadbare recitals of the elements of a cause of action, nor are they legal conclusions couched as fact. They are reasonable inferences and allegations made based on what occurs when debts get transferred from one party to another and further upon information and belief as to what occurred in connection with the subject debt.

Defendant's Motion generally argues that the majority of Plaintiff's factual allegations should be rejected by the Court due to their being premised upon information and belief and mere speculation as to what occurred. In reaching this conclusion, Defendant has completely ignored the recent Eighth Circuit decision in *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*

In *Ahern,* the Eighth Circuit assessed the dismissal of a complaint were the district court's reasoning for dismissing the claims was because the allegations against a particular defendant were premised upon information and belief. *Ahern,* 59 F.4th at 953. Specifically, the district court found that the complaint should be dismissed because the allegations regarding defendant's involvement in a co-defendant's overarching scheme were "only 'upon information and belief.'" *Id.* An example of the facts plead upon information and belief include:

> For example, [plaintiff] alleges, based on information and belief, that [co-defendant] has contracted with [defendant] to use [plaintiff's] confidential, proprietary, and/or trade secret information to continue the illegal attack upon [plaintiff's] business. Similarly, [plaintiff] alleges upon information and belief that [co-defendant] sought out and conspired with [defendant] to use [plaintiff's] confidential, proprietary, and/or trade secret information to continue the illegal attack upon [plaintiff].

*Id.* (internal quotations omitted). Ultimately, the Eighty Circuit rejected the district court's rationale.

In doing so, the Eighth Circuit explicitly rejected the district court's conclusion that "[a]dding 'upon information and belief' does not make the facts [plaintiff] advances

8

likely.'" *Id.* In detailing the sufficiency of these allegations to establish the defendant's role in the co-defendant's overarching scheme, the Eighth Circuit provided the following rationale:

> Pleading upon information and belief is expressly contemplated by the Federal Rules of Civil Procedure. However, we have never fully articulated when plaintiffs may use upon information-and-belief pleadings in a complaint to satisfy *Twombly's* plausibility requirement. Though threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice, **we cannot always expect plaintiffs to provide robust evidentiary support for their allegations at the pleading stage** because, in some contexts, that information may not be available before discovery.

*Id.* at 953-54 (internal quotations and citations omitted, emphasis added). The Eighth Circuit further noted how, in the ERISA context, while plaintiffs "must offer sufficient factual allegations to show that [they are] not merely engaged in a fishing expedition or strike suit, we must also take account of their limited access to crucial information." *Id.* at 954 (quoting *Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 598 (8th Cir. 2009)).

The Eighth Circuit subsequently held, in line with the prevailing standard, that "allegations pled on information and belief are not categorically insufficient to state a claim for relief where the proof supporting the allegation is within the sole possession and control of the defendant . . . ." *Id.* In applying this holding to the allegations at issue, the Eighth Circuit determined that the plaintiff had sufficiently stated a plausible claim against the defendant given the sufficiency with which such facts alleged the defendant's involvement in the co-defendant's overarching scheme. *Id.* at 955.

The rationale and reasoning of *Ahern* applies with equal force to the instant matter, and should be applied to Plaintiff's allegations which Defendant deems purely speculative or imaginative. The nature of the information provided, and extent of actual knowledge transferred, to Defendant regarding Plaintiff's representation by counsel is information that would solely be in Defendant's control and possession. Plaintiff's FAC, while premised largely upon information and belief, is not so devoid of factual merit that it should be deemed some sort of "fishing expedition" outside the parameters of *Ahern's* rationale. Each chain in the link of actual knowledge reasonably asserts what is believed to have occurred, and Plaintiff should be permitted to engage in discovery to ascertain and review the documents and information solely within Defendant's possession and control.

Allowing Plaintiff discovery to ascertain the extent of Defendant's actual knowledge further comports with the Eighth Circuit's recognition that questions of knowledge often create an issue of fact generally inappropriate for dispositive rulings. *See e.g., Best Buy Stores, L.P. v. Bendersoon-Wainberg Assocs., L.P.,* 668 F.3d 1019, 1030 (8th Cir. 2012) ("a knowledge component . . . creates a fact issue that is generally inappropriate for summary judgment").

Therefore, the Court should apply the holding of *Ahern* to the case at bar and find that, because Plaintiff would not be in possession or control of the evidence upon which his claim relies, his purportedly "speculative" allegations premised upon information and belief are sufficient to satisfy his pleading burden under *Twombly*. This Court should not

credit Defendant's ignorance of the Eighth Circuit's recent articulation regarding the sufficiency of allegations premised upon similar information and belief.

## V. CONCLUSION

Plaintiff respectfully requests that this Honorable Court deny Defendant's Motion in its entirety. Plaintiff's FAC and its allegations premised upon information and belief are sufficient to support Plaintiff's claims that Defendant had actual knowledge of Plaintiff's representation when it attempted to collect a debt from Plaintiff.

Dated: May 16, 2023                                          Respectfully submitted,

*s/ Nathan C. Volheim*
Nathan C. Volheim Esq. #6302103 (IL)
Admitted in the E.D. of Missouri
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
nvolheim@sulaimanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 16, 2023, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Eastern District of Missouri by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

>                                          */s/ Nathan C. Volheim*
>                                          Nathan C. Volheim, Esq.
>                                          Counsel for Plaintiff