UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NORVELL B. GATTISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-00157-AGF |
| ) | |
| CREDIT CONTROL, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion (ECF No. 8) of Defendant Credit Control, LLC. ("Credit Control") to dismiss Plaintiff Norvell B. Gattison's complaint for failure to state a claim. Plaintiff claims that Credit Control violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. For the reasons set forth below, the Court will grant the motion.

**BACKGROUND**

Taken as true for the purpose of this motion, Plaintiff alleges the following facts in the amended complaint. Plaintiff obtained services from the company Windstream and later canceled those services in approximately 2020. ECF No. 8 at ¶ 6. Plaintiff owed the remaining balance to Windstream which created a subject consumer debt. Windstream placed the debt with debt collector Southwest Credit Systems, L.P. ("Southwest"), which then proceeded to contact Plaintiff. In response to the letter sent by Southwest, Plaintiff retained an attorney. According to Plaintiff, when a debt collector

learns that a consumer has retained an attorney, the debt collector often returns the debt to the creditor and informs the creditor of its reasons.  ECF. No. 8 at ¶ 11.  Plaintiff alleges that upon information and belief, Southwest followed this practice and informed Windstream that Plaintiff retained an attorney.[1]  ECF. No. 8 at ¶ 12.

Eventually, Windstream sold the debt to LVNV Funding, LLC ("LVNV"), who then contracted with Defendant Credit Control to collect on the debt.  Plaintiff again alleges, based upon information and belief, that pursuant to industry custom, Windstream's file on the debt would have included records reflecting that Plaintiff was represented by counsel; that LVNV would have received, reviewed, and transferred such file to Credit Control; and that Credit Control would have "comb[ed] through" the file and discovered that Plaintiff was represented by counsel.   ECF. No. 8 at ¶¶ 13-21.

Credit Control directly contacted Plaintiff by sending Plaintiff a letter on or about September 19, 2022.  Plaintiff thereafter filed suit, asserting a single count for violation of the FDCPA § 1692c, which prohibits debt collectors from communicating with consumers if the debt collector knows the consumer is represented by an attorney with respect to such debt.  Plaintiff seeks actual and statutory damages.

Credit Control moves to dismiss the complaint for failure to state a claim.  ECF. No. 11.  Credit Control contends that Plaintiff has not pled sufficient facts to plausibly

---

[1]    Plaintiff does not explicitly allege that Southwest was informed of the representation.  Nor does Plaintiff specify when or by what means Southwest was so informed.

infer that Credit Control had actual knowledge of Plaintiff's representation by an attorney, which is required to state a claim of this type.

## **DISCUSSION**

To survive a motion to dismiss, a plaintiff's claims must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.*

The FDCPA, 15 U.S.C. § 1692 et seq., establishes standards and requirements for the behavior of debt collectors[2] to eliminate abusive debt collection practices by debt collectors. Section 1692c prohibits a debt collector from directly communicating with a consumer in connection with the collection of any debt absent prior consent by the consumer or the permission of a court "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2).

To state a claim alleging violations of § 1692c(a)(2), a plaintiff must plausibly allege that the debt collector *knows* that the consumer is being represented by an attorney. As Plaintiff concedes, the Eighth Circuit Court has construed knowledge to mean actual

---

[2] Defendant Credit Control does not contest its identity as a debt collector.

knowledge. *See Schmitt v. FMA All.*, 398 F.3d 995, 997 (8th Cir. 2005); *Reygadas v. DNF Assocs., LLC*, 982 F.3d 1119, 1126 (8th Cir. 2020).

The only entity that Plaintiff plausibly alleges had actual knowledge that Plaintiff was represented by counsel was the first debt collector, non-party Southwest.[3] Plaintiff then relies on a chain of speculation to assume that Southwest delivered this information to Windstream, which delivered it to LVNV, which delivered it finally to Credit Control. Absent facts to plausibly suggest Plaintiff's speculation is accurate, Plaintiff cannot state a claim under the FDCPA. *See, e.g.*, *Offril v. J.C. Penny Co., Inc.*, No. C 08-5050 PJH, 2009 WL 69344, at *3 (N.D. Cal. Jan. 9, 2009) (holding that even less attenuated allegations—namely, that plaintiff's counsel directly informed the creditor in writing of his representation and, on information and belief, the creditor provided the debt collector defendant with all records, including the representation letter—was insufficient to plausibly allege actual knowledge of the debt collector); *Randolph v. IMBS, Inc.,* 368 F.3d 726, 729–30 (7th Cir.2004) (holding that a collection agency's letter to debtor who was represented by counsel did not violate the FDCPA because creditor's knowledge could not be imputed to collection agency regardless of whether the attorney-representation information "must have been in [the creditor's] files").

As Plaintiff correctly notes, "allegations pled on information and belief are not categorically insufficient to state a claim for relief where the proof supporting the allegation is within the sole possession and control of the defendant or where the belief is

---

[3] As noted above, even this inference is questionable as Plaintiff never clearly alleges that Southwest was informed of the representation.

based on sufficient factual material that makes the inference of culpability plausible." *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 954 (8th Cir. 2023). However, "[w]ithout some factual basis for the inference of liability or the reasonable belief that the information supporting such liability is in the sole possession of the defendant, pleadings made on information and belief cannot cure an otherwise threadbare complaint." *Id.* at 955.  Plaintiff's complaint lacks such factual basis, and the several links in Plaintiff's alleged information-transfer chain also demonstrate that Credit Control is not in sole possession of the evidence needed to support Plaintiff's claim.  *See, e.g.*, *Ahern*, 59 F.4th at 954 (stating that the Court's holding did not contradict past quiet title cases because "information…is not necessarily in the sole possession and control of the defendant, [r]ather, the plaintiff likely has just as much opportunity as the defendant to locate an unrecorded assignment"); *Zeikos Inc. v. Walgreen Co.*, No. 23C303, 2023 WL 3947775, at *5 (N.D. Ill. June 12, 2023) (holding that evidence was not solely held by defendant because plaintiff could have uncovered relevant evidence if they had investigated).

For all of these reasons, the Court concludes that Plaintiff has failed to plausibly allege that Credit Control had actual knowledge of Plaintiff's representation by an attorney when communicating directly with Plaintiff, and Plaintiff's complaint must be dismissed.[4]

---

[4]  Plaintiff has neither requested leave to amend the complaint nor indicated how the pleading deficiency here could be cured.  Further, Plaintiff amended his complaint once as a matter of course after Credit Control filed a nearly identical motion to dismiss the original complaint.  Under these circumstances, further leave to amend would be futile

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss is **GRANTED**. ECF No. 11.

All claims against all parties having been resolved, the Court will enter a separate Order of Dismissal.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2023.

---

and unwarranted.  *See, e.g.*, *Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 783 (8th Cir. 2008) ("Generally, parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.").